STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI (State Bar No. 165996)
ARJUN P. RAO (State Bar No. 265347)
JULIETA STEPANYAN (State Bar No. 280691)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
EMAIL: lacalendar@stroock.com

Attorneys for Defendant
 SALLIE MAE, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Tim Norton and Abra Norton,<br><br>  Plaintiffs,<br><br>  v.<br><br>Sallie Mae, Inc.; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 2:13-cv-02487-RSWL-VBK<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Served: April 18, 2013<br>Trial Date: None Set<br>District Judge: Hon. Ronald S.W. Lew<br>Magistrate Judge: Hon. Victor B. Kenton |

Plaintiffs Tim Norton and Abra Norton ("Plaintiffs") and Defendant Sallie Mae, Inc. ("Defendant"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, stipulated to the issuance of a protective order limiting the dissemination and use of documents and things containing proprietary and/or confidential information that will be produced by the parties in accordance with the terms set forth herein ("Protective Order").

IT IS HEREBY ORDERED THAT:

1. Good cause exists for the entry of Protective Order, as discovery in this action involves the disclosure of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The confidential, private and proprietary material that may be produced in this action includes, but is not limited to: (1) proprietary and confidential business operations information, including but not limited to loan transaction records containing confidential and proprietary coding; (2) internal business information; (3) private information belonging to both consumers and non-consumers (including Plaintiffs); and (4) any other similar proprietary, confidential, or private information (collectively, "Confidential Information"). Said Protective Order is needed to ensure fair and efficient completion of discovery while protecting the Parties' and third parties' rights in such confidential, sensitive information and minimizing judicial intervention in the discovery process. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

2. Information and documents designated as containing Confidential Information shall be protected from dissemination to and use by anyone other than (1) the parties in this action including their employees and agents, (2) the parties' respective counsel and support employees, (3) a deposition or trial witness who testifies in this action, or any other person reasonably believed by counsel for any

- 1 -

STIPULATED PROTECTIVE ORDER
Case No. CV13-02487 RSWL (VBKX)

LA 51721868v1

party to this action to have relevant knowledge or information, that person's counsel, and such counsel's support employees, (4) an expert witness, consultant, or investigator engaged by a party to this action and that person's support employees, (5) the Court and its support employees, (6) a mediator, arbitrator, or other settlement officer who renders service in this action, and that person's support employees, (7) a court reporter transcribing any proceeding in this action and that person's support employees, and (8) any other person to whom the parties agree in writing (collectively, "Covered Recipients").  Documents or information designated as "Confidential Information" shall be identified as such by the words "Confidential – Protective Order" or the like placed on or affixed to each document and page thereof that contains Confidential Information.  Except solely for a Covered Recipient who is (1) a party to this action, a party's counsel, or the party's or such counsel's support employee, (2) a witness during deposition or at trial, (3) a court reporter transcribing any proceeding in this action or that person's support employee, or (4) the Court or its support employee, prior to disclosure of any Confidential Information or any of its contents to a Covered Recipient, that Covered Recipient shall be given a copy of this Protective Order and shall execute a Certificate of Compliance in the form of Exhibit A hereto.

      3.     Testimony given at any deposition may be designated by any party as Confidential by stating on the record during the deposition that the testimony is Confidential.  If such designation is not made at the time of the deposition, any transcript, or any portion thereof, that contains Confidential Information shall be designated as such no later than thirty (30) business days after the date of receipt of the deposition transcript by the designating party or his/her counsel.  The designation of the transcript, or portion thereof, shall be in writing served on all parties.  Nothing in this paragraph is intended to deprive any party of the right to attend any depositions in this case.

4. Any party may contest the confidential status of any document or information designated as Confidential Information by serving written objections on the producing party within thirty (30) days of receipt of such document or information. If a party disagrees with the designation of any document or information as confidential, it shall notify the other party or its counsel and they shall attempt to resolve the dispute by agreement. If the dispute is not so resolved, the parties shall continue to keep the document or information confidential unless and until the Court rules otherwise in accordance with the Federal Rules of Civil Procedure. At any hearing to determine the confidential status of document or information, the party designating the document or information as confidential shall have the burden of showing why such document or information should be confidential.

5. Confidential Information and any notes, summaries, memoranda, exhibits or other documents that include or describe Confidential Information shall be retained by the party or its counsel to whom the disclosure of Confidential Information was made and shall not be disclosed to any person other than the party and counsel for the party who are charged with the responsibility for, and are actively engaged in preparation for trial of this action, and employees of such counsel. Confidential Information shall be used only for this litigation and for no other purpose.

6. Confidential Information shall not be filed in the public record of this litigation. To the extent that any Confidential Information is filed with the Court, any pleadings, motions, or other papers containing such information shall be submitted to the Court in accordance with Civil Local Rule 79-5. The fact that the entire transcript or document is filed under seal shall not restrict any use that may be made of any part of such transcript or document not designated as confidential. If the receiving party desires to make the Confidential Information a matter of public

- 3 -

STIPULATED PROTECTIVE ORDER
Case No. CV13-02487 RSWL (VBKX)

LA 51721868v1

1  record by filing such Confidential Information with the Court, the receiving party shall notify the designating party at least ten (10) days prior to filing any such Confidential Information to allow the designating party to make application to the Court to seal the Confidential Information for good cause.

7.     Any document designated by either party as containing Confidential Information may be introduced during the trial of this action, subject to evidentiary objections.  However, that if such documents become part of the Court's pre-trial record in this action, they shall be marked "CONFIDENTIAL" as set forth in paragraph 2.  The designating party may make application to the Court to seal the Confidential Information for good cause.

8.     Within thirty (30) days after the conclusion of this action and all appeals therefrom, the originals and all copies of any documents containing Confidential Information subject to the Protective Order shall be returned to the party's counsel that produced or provided the documents containing Confidential Information. Alternatively, within thirty (30) days after the conclusion of this action and all appeals therefrom, the parties through counsel may certify in writing to the other side that all such documents and information containing Confidential Information, including any copies, have been destroyed.

Dated:  1/30/14_____

/s/
_____
Hon. Victor B. Kenton
United States Magistrate Judge

- 4 -

STIPULATED PROTECTIVE ORDER
Case No. CV13-02487 RSWL (VBKX)

LA 51721868v1

# EXHIBIT A
# CERTIFICATE OF COMPLIANCE

I, _____, certify that I have received a copy of the Protective Order entered by the United States District Court for the Central District of California (the "Court") in the action entitled Tim Norton and Abra Norton v. Sallie Mae, Case No. 2:13-cv-02487-RSWL-VBK (the "Protective Order").

I further certify that I have read and understood each provision of the Protective Order, that I agree to be bound by each of those provisions, and that I irrevocably submit to the jurisdiction of the Court for the purpose of securing compliance with the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        By: _____

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014, a copy of the foregoing **[PROPOSED] STIPULATED PROTECTIVE ORDER** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Arjun P. Rao*
Arjun P. Rao